

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER SZANTO,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>Defendant. | Case No.:  25-cv-0890-BJC-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT [ECF NO. 22];**<br><br>**(2) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [ECF NO. 22-1]; AND**<br><br>**(3) GRANTING PLAINTIFF'S REQUEST TO FILE A SUR-REPLY [ECF NO. 25]** |

Pending before the Court is Defendant Wilmington Savings Fund Society, FSB's ("Wilmington") Motion to Set aside Clerk's Default and Default Judgment, along with a Request for Judicial Notice.  ECF Nos. 22, 22-1. Plaintiff filed a response in opposition to the Motion, and Defendant replied.  Plaintiff also filed a Motion to File a Sur-Reply. ECF No. 25. For the reasons stated below, the Motions are **GRANTED,** and Defendant's Request for Judicial Notice is **GRANTED**.

//

## I.  BACKGROUND

This proceeding concerns real property located at 4484 Dulin Place, Oceanside, California. Plaintiff contends he purchased the property on November 4, 2019, from his aunt and was not advised of any competing interests in the property. Plaintiff claims that Defendant did not give him notice of the alleged debt on the property and commenced a trustee's sale without properly following procedures.

On April 15, 2025, Plaintiff, proceeding *pro se*, filed the Complaint in this case, asserting that Defendant had wrongfully recorded a Notice of Trustee's Sale as to a Deed of Trust for his residence.  ECF No. 1.  On June 11, 2025, Plaintiff filed a proof of service. ECF No. 5.  On June 16, 2025, Plaintiff filed a Motion for Preliminary Injunction to Enjoin Trustee's Sale.  ECF No. 6.  On July 2, 2025, Plaintiff filed a Request for Entry of Default for Defendant's failure to answer or otherwise respond to the Complaint and Motion.  ECF No. 8.  On July 8, 2025, the Court entered default as to Defendant Wilmington Savings Fund Society, FSB.  ECF No. 9.  On July 10, 2025, Plaintiff filed a Motion for Default Judgment against Defendant Wilmington.  ECF No. 10.  On July 21, 2025, the Court set a briefing schedule on the Motion for Default Judgment and directed Plaintiff to again serve the Complaint on Defendant.  ECF No. 12. On July 23, 2025, Plaintiff filed a second notice of summons against Defendant.  ECF No. 13.  No response was received from Defendant.

On August 7, 2025, Plaintiff's Motion for Preliminary Injunction was granted and the Court entered default judgment against Defendant.  ECF Nos. 17, 20. On August 21, 2025, Plaintiff filed a Motion to Correct an oversight in the Default Judgment.  ECF No. 19.  On August 29, 2025, the Court granted the Motion to Correct.  ECF No. 20.

On October 1, 2025, Defendant filed the present Motion to Set Aside Default Judgment, arguing that Defendant's failure to respond was due to excusable neglect. ECF No. 22.  On October 22, 2025, Plaintiff filed a response in Opposition. ECF No. 23.  On October 29, 2025, Defendant filed a Reply. ECF No. 24.  On November 5, 2025, Plaintiff

25-cv-0890-BJC-BLM

filed a Motion to File Sur-Reply.[1] ECF No. 25.

Defendant argues that the Court should set aside default due to Defendant's inadvertence and excusable neglect in not making an earlier appearance. ECF No. 22 at 1. According to Defendant, it does not service the loan Plaintiff is challenging, and PHH Mortgage Corporation ("PHH") is the sub-servicer for the loan, while Waterfall Asset Management ("WAM") is the loan manager. *Id.* Defendant claims it sent the Complaint to WAM on July 2, 2025, as required "per its contractual obligations as servicer," but WAM did not forward the complaint to PHH "due to shorter staffing right before the July 4th holiday." *Id.* As a result, Defendant claims that "the complaint did not reach PHH's normal intake channels, and the matter was not assigned out to outside counsel to handle." *Id.* On August 10, 2025, PHH learned of the Complaint and retained counsel on August 21, 2025. *Id.* Because the failure to respond was due to an inadvertent human error, Defendant requests that the Court set aside the default judgment.

## II.    LEGAL STANDARD

Rule 60 requires that a party demonstrate "mistake, inadvertence, surprise, or excusable neglect," to set aside a default judgment. Fed. R. Civ. P. R. 60(b). Courts disfavor default judgments and recognize the value of deciding cases on their merits whenever reasonably possible. *Pena v. Seguros La Comercial, s.a.*, 770 F.2d 811, 814 (9th Cir. 1985). A defendant seeking relief under Rule 60(b)(1) must satisfy the three following *Falk* factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."

---

[1] Plaintiff seeks permission to file a sur-reply to respond to allegations he claims were raised for the first time in Defendant's Reply brief concerning a case from Wyoming many years ago. ECF No. 25 at 2. As a primary matter, the Court does not consider new "arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3s 990, 997 (9th Cir. 2007). However, the Court is also directed to construe *pro se* pleadings with leniency. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Circ. 2003). Therefore, in the interests of justice, Plaintiff's Motion is **GRANTED**.

25-cv-0890-BJC-BLM

*Brandt v. American Bankers Inc. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011)(citing *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984).   When considering if Defendant's conduct constitutes "excusable neglect" under Rule 60(b)(1) the Court conducts an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986)

### III.   DISCUSSION

The Court addresses each of the *Falk* factors in turn.

*A. Prejudice*

Prejudice is demonstrated when a plaintiff's ability to "pursue his claim will be hindered." *Falk*, 739 F.2d at 463.  A delay in litigation is considered prejudicial where it "result[s] in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433–34 (9th Cir. 1996).

Defendant argues that Plaintiff will not suffer prejudice because his "ability to pursue his claims will not be hindered by this Court setting aside" the default judgment, and "the issues may still properly be resolved through the litigation process."  Mot. at 11, ECF No. 22.   Defendant contends that vacating the default judgment would not be inequitable, particularly considering that Plaintiff has filed two lawsuits in the last three years. *Id.* at 11-12.

Plaintiff counters that he will suffer prejudice if the Court grants the Motion because Defendant Wilmington failed to comply with the 21-day response rule. Opp. at 12, ECF No. 23. Plaintiff claims that Defendant waited 168 days to respond but only provided a reduced-staff justification during the July 4th weekend. In addition, Plaintiff claims the additional delay in the case will prejudice him because he has "struggled to resolve any

possible debt allegation" for six years. *Id.* Finally, Plaintiff contends he will suffer prejudice because Defendant Wilmington "present[ed] matters to this Court which are known to be false," including assertions that he has been declared a vexatious litigant by numerous courts. *Id.* at 13.

The Court finds that Plaintiff will not suffer prejudice if the Motion is granted because he will not be hindered in pursuing his claims. There is no evidence that the additional delay will result in loss of evidence or increased discovery. See *Thompson*, 95 F.3d at 433–34. Moreover, Plaintiff's argument that he will be prejudiced by the delay if the Motion is granted because he has already spent 6 years attempting to settle the controversy is insufficient to show prejudice because "delay alone does not constitute the sort of prejudice cognizable" in a motion to set aside. *Hawkins v. Bank of America*, 2018 WL 3426218, * 3 (S.D. Cal. July 16, 2018).   In addition, Plaintiff's contentions that he is prejudiced because Defendant misrepresented facts regarding his status as a vexatious litigant is not relevant to the inquiry whether he will be hindered if the default judgment is set aside. For these reasons, the first *Falk* factor weighs in favor of granting the Motion to Set Aside.

### B. Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group Life Ins. Plan v. Knoebber ("TCI Group"),* 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (citations omitted)(overruled on other grounds as stated in *Delgado v. Dempsey's Adult Care Homes, LLC,* No. 22-15176, 2023 WL 3034263, at *1 (9th Cir. Apr. 21, 2023)). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *TCI Group,* 244 F.3d at 700.

Defendant argues that it "has a number of defenses that preclude recovery for all of Plaintiff's claims as a matter of law," including Plaintiff's claims for fraud, abuse of process, tortious interference, slander of title, abuse of the public record, and intentional

infliction of emotional distress.  Mot. 7-11.  Plaintiff does not challenge Defendant's purported defenses, stating that he "will not address Defendant's defenses presently." Opp. at 11.

Here, Defendant sets forth detailed defenses to all of Plaintiff's claims. For example, Defendant argues the following:

> Plaintiff has failed to plead with specificity a false or misleading statement by Defendant. Specifically, California law does not require a new notice of default to be recorded where a new beneficiary obtains ownership of the note and deed of trust before recording a notice of trustee's sale. And as Plaintiff admits in his own complaint (Compl. at 5:25-27), he was in fact notified of the change in beneficiary when the prior beneficiary recorded a notice of assignment (Compl., Ex. B). See, e.g., *Lawyers Title Co. v. Bradbury*, 127 Cal. App. 3d 41, 46 (1981) (purpose of recording is to provide constructive notice).

ECF No. 22 at 13. Accordingly, Defendant has met its burden to show meritorious defenses to Plaintiff's claims.  Therefore, the second *Falk* factor is satisfied.

*C. Culpable Conduct*

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins.*, 244 F.3d at 697 (emphasis in original) (citations omitted).

According to Defendant, there was no intentional delay. The Complaint was filed on April 15, 2025, and Defendant was served on June 11, 2025. Defendant forwarded the Complaint to WAM on July 2, 2025, and presumed WAM and PHH would defend on its behalf as contractual required. WAM did not forward the Complaint to PHH "due to shorter staffing right before the July 4th holiday." Mot. at 1.  However, it appears that WAM never sent the Complaint to PHH. Instead, Plaintiff advised PHH of the action on August 10, 2025, when "PHH's default servicing personnel received a copy of the summons and complaint in this action directly from plaintiff Peter Szanto." Kevin Flannigan Declaration ¶¶ 5, 6, ECF No. 22-6. Despite WAM's failure to forward the Complaint, as soon as PHH became aware of the action, it began investigating and then retained counsel. *Id.* ¶ 6. These

25-cv-0890-BJC-BLM

facts demonstrate that the failure to properly distribute the complaint to the required parties for response was not done intentionally. Therefore, there is no evidence of culpable conduct on the part of Defendant Wilmington or PHH. Accordingly, the third *Falk* factor is satisfied.

Under the present circumstances, the value of deciding the case on the merits weighs in favor of granting the motion to set aside default judgment. *Pena*, 770 F.2d at 814.

*D. Request for Judicial Notice*

Defendant requests the Court take judicial notice of the following documents pursuant to Federal Rules of Evidence 201: (1) the Deed of Trust recorded on September 13, 2005 as Instrument No. 2005-0787624 in the Official Records Office of the San Diego Recorder's Office; (2) the Affidavit of Death recorded on November 20, 2006, as Instrument No. 2006-0824314, in the Official Records Office of the San Diego Recorder's Office; and (3) the Notice of Default recorded on November 9, 2021, as Instrument No. 2021-0777114, Official Records Office of the San Diego Recorder's Office. ECF No. 22-1 at 2-3.

A court may take judicial notice under Rule 201 of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. R. 201(b). "Courts routinely take judicial notice" of deeds of trust and notice of default. *Alexander v. Deutche Bank Nat. Trust*, 2013 WL 3320455, *3 (S.D. Cal. July 1, 2013). The documents for which Defendant seeks judicial notice are publicly available at the San Diego Recorder's Office. Therefore, Defendant's Request for Judicial Notice is **GRANTED.**

//

//

//

//

//

## IV.    CONCLUSION AND ORDER

For the foregoing reasons: (1) Defendant's Motion to Set Aside Default Judgment is **GRANTED**. ECF No. 22; (2) Defendant's Request for Judicial Notice is **GRANTED** ECF No. 22-1; and (3) Plaintiff's Motion to File a Sur-Reply is **GRANTED**. ECF No. 25. Defendant is directed to file a response to the complaint **no later than June 30, 2026**. *The Clerk of Court is directed to vacate the Default Judgment and reopen the case.*

**IT IS SO ORDERED**.

Dated:  June 5, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-0890-BJC-BLM